**ATTORNEYS AT LAW**
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY  10281-1008
WWW.SEDGWICKLAW.COM   212.422.0202  PHONE   212.422.0925  FAX



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sdma.com*

September 25, 2013
*Via ECF*
Hon. Denis R. Hurley, U.S.D.J.
United States District Court For The
Eastern District Of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

Re:  *Pollner* v. *United Healthcare Insurance Company,*
     Civ. Act. No. 13-cv-1881(DRH)(GRB)
     SDMA File No. 03246-000193

Dear Judge Hurley:

      This office represents defendant United Healthcare Insurance Company d/b/a Oxford Health Plans ("Oxford") in the above-referenced action. In accord with your Honor's Individual Practice Rules, we write to request that this Court schedule a pre-motion conference regarding United's contemplated motion for summary judgment pursuant to Fed. R. Civ. P. Rule 56. The grounds for this motion are that: (1) plaintiff Dr. Mark Pollner's claims are all completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et. seq. ("ERISA"); and (2) Dr. Pollner lacks ERISA statutory standing to pursue this action against Oxford.

      This action was brought by plaintiff Dr. Pollner seeking payment from Oxford on his claims for benefits under multiple patient employee welfare benefits plans for services rendered to Oxford members. Oxford is the insurer and claims administrator of the Oxford members' various health insurance plans.  At all relevant times, Dr. Pollner did not have a contract with Oxford, and was therefore considered a "non-participating" provider.  Dr. Pollner claims to have administered anesthesia services to these Oxford members while they were undergoing surgical procedures from Oxford participating (contracted) gastroenterologists ("GI"). Oxford removed this matter from state court on the grounds that Dr. Pollner's claims all arise under employee welfare benefit plans governed by the ERISA. Consequently, all of Dr. Pollner's state law claims are preempted by ERISA.  As will be seen below, Dr. Pollner does not have ERISA statutory standing to pursue any of his claims for Oxford member benefits.

      Some of the Oxford health insurance plans in this matter provide benefits to members for services received from non-participating providers such as Dr. Pollner, while others provide no such benefits.  In all cases where the plans provide benefits to members for services from non-participating providers, they expressly require that the applicable benefit payment be made by Oxford to the member, and that the member is responsible for paying the non-participating provider upon receipt of a bill from such provider.  <u>Assignment of the right to receive benefit payments to a non-participating provider is expressly prohibited under the terms of all of the Oxford health insurance plans at issue in this matter</u>. Furthermore, while Dr. Pollner alleges that he has an assignment of benefits form signed by each patient whose claims form

NY/1273373v1

Hon. Denis R. Hurley, U.S.D.J.
Re:  *Pollner v. United Healthcare Insurance Company,*
September 25, 2013
Page 2

the basis of this action, he has failed to produce any proof documenting this to be so.[1] In fact, on July 12, 2013, Oxford served Dr. Pollner's counsel with its First Request for the Production of Documents requiring Dr. Pollner to produce each and every alleged assignment of benefits form. Dr. Pollner served his response on September 10, 2013 in which he indicated that he did not have copies of any assignment of benefits in his possession, but was attempting to obtain them from his patients' primary care physician. Oxford also served Requests for Admissions on Dr. Pollner on July 12, 2013, similarly requesting that he admit he is not in possession of any of relevant assignment of benefits forms. In his response dated September 10, 2013, Dr. Pollner admitted that he was not in possession of the assignment of benefit forms. This admission calls into question the factual allegations of the Complaint.  Furthermore, without a valid assignment (which is not permitted under the Plans in any event), Dr. Pollner does not have the requisite ERISA standing to proceed against Oxford in this action, and consequently, summary judgment dismissing his Complaint should be granted.  As of the date of this letter, no assignment forms have been provided by Dr. Pollner's counsel.

In addition to the foregoing, pursuant to the terms of Oxford's contracts with its in-network providers, a participating GI is required to discuss and document with the patient whether to use a participating or non-participating anesthesiologist. This discussion is required so that the member is expressly made aware of the financial consequences of using a non-participating doctor, like Dr. Pollner. If the patient chooses such a provider they are explicitly agreeing to either: (a) be financially responsible to pay the NPA for the higher out-of-pocket costs associated with the use of an NPA (if his or her plan actually provides coverage for elective use of non-participating providers' some plans do not provide such benefits); or (b) be fully responsible for paying the NPA's bill for services if his or her plan provides no coverage for the elective use of non-participating providers.  To confirm that this required information is provided to the member, the plans also require members to execute United's Non-Participating Provider Consent ("NPPC") Form, which contains check boxes for the member to confirm his choice to use an NPA or indicate their choice to use a participating anesthesiologist.

Oxford has already paid to Dr. Pollner all the available Out-of-Network Benefits for each of the Oxford members whose plans provide for Out-of-Network Benefits, where such benefits were available. Any remaining claims were denied because no Out-of-Network Benefits were available under the Oxford health insurance plans for those patients.  Dr. Pollner must bill these patients directly for the cost of his services.  In instances where the NPPC Form was signed by the patient, such patients have acknowledged that they are directly responsible for paying Dr. Pollner upon receipt of a bill for such services. If the NPPC Form was not signed by a patient, the Oxford member must exhaust the administrative appeal remedies under such member's Oxford health insurance plan prior to pursuing litigation.  Dr. Pollner's only remedy, which he has apparently not pursued, is to seek reimbursement from the patients who have financial responsibility for the services rendered. Instead, he has elected to pursue Oxford, despite the fact that he does not have legal standing to do so.

### SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING THIS ACTION BECAUSE DR. POLLNER'S STATE LAW CAUSES OF ACTION ARE ALL COMPLETELY PREEMPTED BY ERISA

It is well-settled that claims seeking to enforce rights to benefits under an employee welfare benefit plan may only be brought pursuant to ERISA §502(a); 29 U.S.C. §1132(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 206(2004). Indeed, any state common law claim which amounts to an alternative theory for recovery based on conduct actionable under ERISA is preempted. *Davila*, 542 U.S. at 210; *see also Metropolitan Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 63-64 (1987); *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41, 54 (1987). Dr. Pollner's claims in this action all arise under employee welfare benefit plans governed by the ERISA and as such, his state law claims are completely preempted by ERISA. *See Id.*

---

[1] As noted above, such an assignment is not permitted under the applicable benefit plans.

NY/1273373v1

Hon. Denis R. Hurley, U.S.D.J.
Re:  *Pollner v. United Healthcare Insurance Company,*
September 25, 2013
Page 3

## SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING THIS ACTION BECAUSE DR. POLLNER DOES NOT HAVE STATUTORY STANDING UNDER ERISA

Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), only ERISA plan "participants" or their "beneficiaries" have standing to enforce rights to health plan benefits under an ERISA plan. *See Franchise Tax Bd.* v. *Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983). Because Dr. Pollner is not a plan "participant" or "beneficiary" for any claim forming the basis for this lawsuit, (*See* ERISA §3(7)-(8), 29 U.S.C. §1002(7), (8)), he does not have statutory standing under ERISA to prosecute an action against Oxford unless he can demonstrate that he has derivative standing pursuant to a valid assignments of benefits, which he has failed to do. *See American Med. Assoc.* v. *United Healthcare Corp.*, No. 00-cv-2800(LMM), 2001 WL 863561, *12-*13 (S.D.N.Y. July 31, 2001).

In his Complaint, Dr. Pollner alleges that he has derivative standing to bring this action under ERISA because all of the patients whose claims are in issue in this litigation assigned to him their benefits under their respective health insurance plans. (Complaint ¶8). These allegations are factually incorrect and improper. First, as referenced above, the Oxford health insurance plans at issue in this matter expressly prohibit participants from assigning their rights to receive benefit payments to a non-participating provider, such as Dr. Pollner. Accordingly, in the event that Dr. Pollner actually obtained executed assignments from the relevant plan members in this case, he would still not have derivative standing because the applicable plans do not allow members to assign their benefits to non-participating providers like Dr. Pollner. *See American Med. Assoc.*, 2001 WL 863561 at *12-13.

Second, despite his representations to the contrary in the Complaint, Dr. Pollner is not in possession of any assignment of benefits signed by the Oxford members whose benefits are in issue. Dr. Pollner has not produced or identified any assignments in this litigation, despite discovery requests seeking disclosure of this proof. Therefore, any argument that Dr. Pollner has derivative standing to pursue this action against Oxford is meritless.[2] Specifically, Dr. Pollner did not identify any assignment of benefit forms in his Rule 26(a) initial disclosures regarding any of the claims at issue. Dr. Pollner also failed to produce any assignments in response to Oxford's First Request for the Production of Documents and instead, surmised that these assignments were in the patients' medical records maintained by their respective primary care physicians.[3] In addition, in response to Oxford's Request for Admissions, Dr. Pollner admitted that he was not in possession of any of the claimed assignments from any of the patients whose claims form the basis of this action.

Based on the foregoing, Oxford requests leave to move for summary judgment pursuant to Fed. R. Civ. P. Rule 56.

---

[2] On August 21, 2013, Oxford sent plaintiff's counsel a letter requesting that he withdraw his allegation that the patients, whose claims are at issue in this case "assigned their medical insurance benefits" to him within 21 days, or Oxford would be forced to file a motion for sanctions pursuant to Rule 11(b), Fed. R. Civ. P. Dr. Pollner's counsel did not respond to this request. Dr. Pollner did not respond, and eventually admitted that he does not have any assignments in his possession. Despite repeated requests, Dr. Pollners' counsel has not provided any documentation to support his contention that this allegation was made in good faith when he first filed his Complaint.

[3] Dr. Pollner has provided no factual basis to support his contention that these patients' primary care physicians obtained an executed assignment of benefits form on his behalf. Indeed, if the assignments to which Dr. Pollner refers actually exist, they would most likely only run to the benefit of the primary GIs.

Hon. Denis R. Hurley, U.S.D.J.
Re:   *Pollner v. United Healthcare Insurance Company,*
September 25, 2013
Page 4


Respectfully submitted,

s/
Michael H. Bernstein
Sedgwick LLP

cc:      Robert A. Santucci, Esq. (*via ECF and Regular Mail*)

NY/1273373v1