ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY  10281-1008

*WWW.SEDGWICKLAW.COM*   212.422.0202  *PHONE*   212.422.0925  *FAX*



*Michael H. Bernstein*
*212-422-0202*
*michael.bernstein@sedgwicklaw.com*

September 27, 2013

Hon. Gary R. Brown, U.S.M.J.
United States District Court For The
Eastern District Of New York
100 Federal Plaza, Courtroom 840
P.O. Box 9014
Central Islip, NY 11722-9014
Fax No.: (631) 712-5705

Re:  *Pollner* v. *United Healthcare Insurance Company,*
      Civ. Act. No. 13-cv-1881(DRH)(GRB)

Dear Judge Brown:

        This office represents defendant United Healthcare Insurance Company d/b/a Oxford
Health Plans ("Oxford") in the above-referenced action. In accord with your Honor's Individual
Practice Rules, we write to request an adjournment of the settlement conference currently scheduled
for October 2, 2013 at 2:00 pm.

        Oxford requests that the settlement conference be adjourned for several reasons. First, I
must attend a previously scheduled conference in Hartford, Connecticut on October 2, 2013, which
cannot be adjourned. Second, Oxford recently filed a letter requesting leave to file a motion for
summary judgment with the Hon. Denis R. Hurley based on the plaintiff Dr. Mark Pollner's lack of
ERISA standing to bring this action. (*See* Doc. No. 10). As referenced in Oxford's letter, on July 12,
2013, Oxford served Dr. Pollner's counsel with its First Request for the Production of Documents
requiring Dr. Pollner to produce each and every assignment of benefits form he claims supports his
standing in this action.[1] Dr. Pollner served his response on September 10, 2013 in which he
indicated that he did not have any assignment of benefits in his possession, but was "attempting" to
obtain them from the patients' primary care physician.[2]

---

[1] Although Oxford contends that the plans at issue in this matter contain anti-assignment clauses,
which would invalidate any assignment he produces, Dr. Pollner has not provided any assignment of
benefits in this case and as such, has not provided any basis whatsoever to support his claim of
derivative ERISA standing to bring this claim on behalf of Oxford members.
[2] Dr. Pollner has provided no basis to support his contention that these patients' primary care
physicians obtained an executed assignment of benefits form on behalf of Dr. Pollner.

Hon. Gary R. Brown, U.S.M.J.
Pollner v. United
September 27, 2013
Page 2

United also served Requests for Admissions on Dr. Pollner on July 12, 2013 requesting that he admit he is not in possession of any of the relevant assignment of benefits forms. In his response dated September 10, 2013,[3] Dr. Pollner admitted that he is not in possession of the executed assignment of benefits forms. Consequently, Dr. Pollner lacks derivative standing to proceed under ERISA. Due to Dr. Pollner's lack of standing, Oxford requests that this Court adjourn the settlement conference until Judge Hurley decides Oxford's proposed motion for summary judgment, as United is not willing to settle this matter with Dr. Pollner for any amount given his lack of standing. Plaintiff's counsel consents to Oxford's request to adjourn the October 2, 2013 settlement conference, but would prefer that the Court not wait until after Judge Hurley decides Oxford's Motion for Summary Judgment to reschedule the conference. No prior requests for an extension of the October 2, 2013 settlement conference have been made by the Defendant.

Please be advised that pursuant to the Court's directive at the settlement conference held on July 31, 2013, Oxford served plaintiff's counsel with a spreadsheet indicating the amounts Oxford paid on each claim at issue in this matter. To date, plaintiff's counsel has not challenged the accuracy of the amounts reflected on the spreadsheet. In addition, thus far, Oxford has collected and will produce the plan documents for three of the members whose claims are at issue in this case, demonstrating that that the information in the spreadsheet is consistent with the information in the plan documents (i.e. that Oxford paid the claims for members whose plans included coverage for Out-of-Network benefits and denied claims for members whose plans did not have Out-of-Network benefits, because Dr. Pollner was an Out-of-Network Provider at the time the claims at issue were submitted to Oxford). Each plan document is approximately 98 to 150 pages. Because the language in the plan documents produced is substantially similar to that in the plans documents for the remaining 81 claims at issue in this matter, Oxford requests that the Court relieve it from the burden to provide plan documents for each of the 84 claims at issue in this case. This production would be especially burdensome considering the following: (1) the plaintiff has not demonstrated that he has derivative standing to bring this action; (2) Oxford has provided plaintiff with a spreadsheet that includes all of its system data for the claims at issue and their correlating plans; and (3) plaintiff has not provided any documentation to support his position that Oxford did not pay the claim in issue according to the terms of each governing plan. Instead, Oxford requests that Court allow it to produce a spreadsheet demonstrating what specific plans do not allow for Out-of-Network benefits and a declaration from an Oxford employee attesting to the accuracy of the information in the spreadsheet. This will allow Oxford the opportunity to comply with the spirit of Your Honor's July 31, 2013 directive while relieving Oxford of the burden to produce thousands of pages of plan documents to refute plaintiff's unfounded claims. This is particularly appropriate here because plaintiff cannot even demonstrate ERISA standing to require this sort of disclosure in the first place.

---

[3] Dr. Pollner did not respond to United's Notice to Admit within 30 days pursuant to Fed. R. Civ. P. 36(a)(3) nor did he request an extension of time to submit responses to United's Notice to Admit and as such, the Court should deem all of the statements in United's Request for Admission admitted.

Hon. Gary R. Brown, U.S.M.J.
Pollner v. United
September 27, 2013
Page 3


    Based on the foregoing, Oxford requests that this Court adjourn the settlement conference *sine die* until after Judge Hurley decides Oxford's contemplated motion for summary judgment, and relieve Oxford of the burden to produce thousands of pages of plan documents where plaintiff has not even demonstrated that he has derivative standing to pursue this matter.

    Thank you for your consideration of this matter.

Respectfully submitted,

s/
Michael H. Bernstein
Sedgwick LLP