UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK POLLNER, M.D.                                    Civil Action No.:

                Plaintiff,                    2:13-cv-01881(DRH)(GRB)

      -against-


UNITED HEALTHCARE INSURANCE COMPANY
d/b/a OXFORD HEALTH PLANS, LLC

                Defendant.
------------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT.............................................................................................1

PROCEDURAL HISTORY..................................................................................................2

PLAINTIFF'S COMPLAINT...............................................................................................4

PROPOSED AMENDED ANSWER ...................................................................................4

STANDARD ON MOTION TO AMEND THE PLEADINGS ..........................................5

ARGUMENT........................................................................................................................6

    POINT I

    UNITED/OXFORD HAS SHOWN GOOD CAUSE
    TO SUPPORT IT PROPOSED AMENDED ANSWER...................................6

    POINT II

    UNITED/OXFORD'S AMENDED ANSWER WILL NOT
    RESULT IN ANY PREJUDICE TO THE PLAINTIFFS...................................8

    POINT III

    UNITED/OXFORD'S REQUEST IS NOT THE RESULT OF
    UNDUE DELAY, BAD FAITH OR FUTILITY OF THE AMENDMENT ...........10

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AEP Energy Services Gas Holding Co. v. Bank of America,*
626 F.3d 699 (2d Cir. 2010) ........................................................................................10

*Alexandre v. Town of Hempstead,*
275 F .R.D. 94 (E.D.N.Y. 2011) ...........................................................................5, 6, 10

*Block v. First Blood Assoc.,*
988 F.2d 344 (2d Cir. 1993) ...........................................................................................9

*Bryant v. Carlisle Carrier Corp.,*
13-CV-578, 2014 WL 712592 (E.D.N.Y. Feb. 25, 2014) .........................................5, 6

*Foman v. Davis,*
371 U.S. 178, (1962) .......................................................................................................5

*Kassner v. 2nd Avenue Delicatessen Inc.,*
496 F.3d 229 (2d Cir. 2006) ........................................................................................6, 8

*Parker v. Columbia Pictures Indus.,*
204 F.3d 326 (2d Cir. 2000) ...........................................................................................6

*Quaratino v. Tiffany & Co.,*
71 F.3d 58 (2d Cir. 1995) ................................................................................................5

*Richardson Greenshields Securities, Inc. v. Mui-Hin Lau,*
825 F.2d 647 (2d Cir. 1987) ..........................................................................................11

*State Teachers Retirement Board v. Fluor Corp.,*
654 F.2d 843 (2d Cir. 1981) ..........................................................................................10

*United States ex rel. Mar. Admin v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi,*
889 F.2d 1248 (2d Cir 1989) ...........................................................................................5

**Statutes**

Employee Retirement Income Security Act of 1974, as amended,
29 U.S.C. § 1001, et. seq. ("ERISA") .............................................................................1

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ...............................................1, 4, 5, 6, 7, 8, 11

Fed. R. Civ. P. 15 (a)...............................................................................................1, 5, 11

Fed. R. Civ. P. Rule 15(a)(2)..............................................................................................5

DOCS/18667115v1

Fed.R.Civ.P. 16(b)(4)....................................................................................................................................6

iii

## PRELIMINARY STATEMENT

Defendant United Healthcare Insurance Company d/b/a Oxford Health Plans ("United/Oxford") submits this Memorandum of law in support of its motion for leave to amend its answer to assert a counterclaim against Plaintiff Mark Pollner, M.D. ("Pollner") pursuant to Fed. R. Civ. P. 15 (a).

In his Complaint, Pollner generally alleges that United/Oxford failed to pay several claims he submitted on behalf of his patients between May 2012 through December 2012. Due to these vague allegations, United/Oxford did not include a counterclaim in its original Answer. However, after a thorough investigation was conducted to determine whether Pollner's allegations had any merit, United/Oxford determined that it had incorrectly overpaid Dr. Pollner for several claims he had submitted on behalf of seven (7) of his patients in the amount of $17,440. Accordingly, United/Oxford requests that this Court grant it leave to assert a counterclaim pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et. seq. ("ERISA") against Pollner for equitable restitution of this $17,440 overpayment.

United's motion for leave to amend should be granted because there is sufficient good cause to support its filing of an amended answer to assert a counterclaim, there has been no undue delay in moving for this relief, no evidence of bad faith and no evidence of prejudice to Pollner. Indeed, United/Oxford initially requested the relief herein by letter dated January 24, 2014, which was one month before the final discovery deadline, informed Pollner of its proposed counterclaim as early as August 21, 2013, and produced all of the discovery necessary to support the proposed counterclaim by December 18, 2013. Pollner, on the other hand, has not requested any discovery from United/Oxford in this matter either to support his claims against United/Oxford or to defend himself against United's proposed counterclaim, of which he has been aware since August 21, 2013.

Given the foregoing, and as further discussed below, United's motion for leave to amend its answer to assert a counterclaim should be granted in all respects because there is no prejudice to Pollner and United/Oxford has provided good cause for the amendment.

## PROCEDURAL HISTORY

Pollner filed his Complaint against United/Oxford in the Supreme Court of the State of New York, County of Suffolk, on March 4, 2013. (*See* Doc. No. 1).[1] United/Oxford removed this matter from state court on the grounds that Pollner's claims arise under employee welfare benefit plans governed by the ERISA. (*See* Doc. No. 1). Although Pollner's allegations were vague, United/Oxford filed a timely Answer based on the information it had at that time, and asserted the appropriate affirmative defenses. (*See* Doc. No. 2). Following an initial conference on June 17, 2013, the Honorable Gary R. Brown, U.S.M.J., issued a Scheduling Order in which he ordered that all motions to amend the pleadings be filed by August 9, 2013. (Doc. No. 8). Judge Brown also ordered that all discovery be completed on or before February 24, 2014. (*Id.*). On July 12, 2013, United/Oxford served Pollner's counsel with its First Request for the Production of Documents ("Requests") seeking documentary evidence from Pollner regarding the claims at issue in this matter. To date, Pollner has not submitted any of the documentation requested in United/Oxford's July 12, 2013 Requests. In fact, Pollner has completely disregarded the directives in Judge Brown's July 31, 2013 and October 18, 2013 Civil Conference Minute Orders to produce documentary evidence in support his claims in this matter. (*See* Doc. Nos. 9 and 13).   United/Oxford, on the other hand, has fully complied with all of Judge Brown's Orders to produce documents.

Pursuant to Judge Brown's Order dated July 31, 2013,[2] United/Oxford sent a letter to Pollner dated August 21, 2013, which enclosed a spreadsheet of the claims at issue in this case. (Ex. 1)[3].  In the

---

[1] A true and correct copy of Pollner's Complaint was attached to United's Notice of Removal filed on April 5, 2013. (*See* Doc. No. 1 at pp. 11-15).

[2] Notably, Pollner has not served any discovery demands whatsoever in this matter. Each and every item of discovery that Oxford has produced in this matter was in response to Judge Brown's *sua sponte* Orders.

2

letter, United/Oxford informed Pollner that based on its investigation of all the claims he submitted to United/Oxford during the relevant time period, his claims had no merit and that he failed to submit any proof demonstrating that he had the requisite standing to pursue this action against United/Oxford.[4] (*Id*.). In addition, United/Oxford informed Pollner that pursuant to its investigation of his claims, which was documented in the attached spreadsheet,[5] it had paid all of the benefits due to his patient's under their particular plans and actually overpaid Pollner for some of the services he rendered. (*Id*.). Accordingly, United/Oxford requested that Pollner produce the documentation requested in its discovery demands to support the allegations in his Complaint or voluntarily dismiss this action against United/Oxford for lack of standing. (*Id*.). Lastly, United/Oxford informed Pollner that if this matter was not voluntarily dismissed, it would be forced to seek leave to amend its Answer to assert a counterclaim regarding the overpayment. (*Id*.).

By letter dated August 28, 2013, Pollner stated that he could not provide a substantive response to United/Oxford's August 21, 2013 letter until he received the relevant plan documents in this case. (Ex. 2).[6] Then, during an October 18, 2013 settlement conference with Judge Brown, United/Oxford again raised the overpayment issue. At the October 18, 2013 Conference, Judge Brown ordered that the parties produce certain items of discovery. (Doc. No. 13). In response, Oxford produced over 10,000 pages of discovery on December 18, 2013, including the relevant plan documents, pursuant to this Order.

---

[3] All references to "Exhibits" are to those Exhibits attached to the Declaration of Michael H. Bernstein dated April 2, 2014.

[4] Considering that Pollner failed to produce any of the "assignment of benefits forms" necessary to demonstrate standing under ERISA in response to United/Oxford's First Request for Production, Judge Brown ordered him to produce the same in a Civil Minute Conference Order dated October 18, 2013. (Doc. No. 13). Nevertheless, Pollner similarly failed to comply with that Order and, to date, has not produced any evidence demonstrating that he has the requisite standing to pursue this action under ERISA.

[5] United/Oxford sent Pollner an updated spreadsheet on October 16, 2013, which again included the information regarding the overpayment, as well as information regarding whether the governing plans for each claim allowed for assignments of benefits and out-of-network benefits. (Ex. 3).

[6] In his August 28, 2013 letter, Pollner's counsel stated that "[w]e are still compiling the assignment of benefits forms from the medical records of the patients and although laborious we should have them to you shortly." (Ex. 2). To date, Pollner has not produced a single assignment of benefits form in discovery, and discovery closed on February 24, 2014. (Doc. No. 8).

(*See* Ex. 4). Pollner, on the other hand, did not comply with this Order, and to date, has not provided any evidence demonstrating that he has the requisite standing to pursue this matter. Furthermore, Pollner never supplemented his August 28, 2013 response to United/Oxford's letter notwithstanding the fact that as of December 18, 2013, he was in possession of the relevant plan documents. Accordingly, by letter dated January 24, 2014, United/Oxford requested leave of the Court to file an Amended Answer pursuant to ERISA §502(a)(3) asserting a counterclaim for equitable restitution in the amount it overpaid to Pollner. (Doc. No. 15). Notably, although Pollner has had notice of United/Oxford's proposed counter claim since August 21, 2013, he has not requested any discovery regarding it. Again, Pollner has not served a single discovery request in this action.

## PLAINTIFF'S COMPLAINT

This action was brought by plaintiff Mark Pollner, M.D. ("Pollner") seeking payment from United/Oxford on his claims for benefits under multiple patient employee welfare benefits plans for services rendered to United/Oxford members. (*See* Complaint at ¶¶ 6-14). United/Oxford is the insurer and claims administrator of the United/Oxford members' various health insurance plans. (*See* Complaint at ¶¶ 8-9). At all relevant times, Pollner did not have a contract with United/Oxford, and was therefore considered a "non-participating" provider. (*See* Complaint ¶¶ 7-9). Indeed, Pollner does not allege that he was a participating provider with United/Oxford before January 1, 2013. Pollner claims to have administered anesthesia services to the United/Oxford members referred to in his Complaint while they were undergoing surgical procedures from United/Oxford participating (contracted) gastroenterologists ("GI"). (Complaint at ¶ 7). Pollner's Complaint generally alleges that United/Oxford failed to pay several claims that he submitted on behalf of his patients between May 2012 through December 2012. (*Id.*).

## PROPOSED AMENDED ANSWER

During its investigation of Pollner's claim, United/Oxford determined that it incorrectly overpaid Pollner for several claims that he submitted on behalf of seven (7) of his patients in the

4

amount of $17,440. (*See* Exs. 1, 2, and 3 at ¶¶ 39-90). Therefore, in its proposed Amended Answer, United/Oxford seeks to assert a counter claim pursuant ERISA §502(a)(3) for equitable restitution of the $17,440 overpayment made to Pollner. (Exs. 1, 2, and 3 at ¶¶ 39-90). Specifically, United/Oxford's Amended Complaint will allege that it wrongfully paid Dr. Pollner $2,800 on each of four (4) claims in which the patient's health plans did not provide coverage for services rendered by non-participating providers, like Pollner, for a total overpayment amount of $11,200. (*See* Ex. 1, 2, and 3 ¶¶ 39- 71).  In addition, United/Oxford will also allege that it overpaid Dr. Pollner on three (3) claims he submitted on behalf of participants whose plans allowed for out-of-network benefits. (*See* Exs. 1, 2 and and Ex. 3 ¶¶ 72-90). On those claims, United/Oxford paid plaintiff $6,240 above the correct amounts due under the terms of those patients' specific plans. (*See* Exs. 1, 2 and and Ex. 3 ¶¶ 72-90).

## STANDARD ON MOTION TO AMEND THE PLEADINGS

A motion to amend is governed by Fed. R. Civ. P. Rule 15 (a), outside the time period in which a party may amend their pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. Rule 15(a)(2); *see also Bryant v. Carlisle Carrier Corp.*, 13-CV-578, 2014 WL 712592,*1 (E.D.N.Y. Feb. 25, 2014).  The rule instructs that leave to amend "shall be freely given when justice so requires." *Id.* Generally under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded the opportunity to test the claim on its merits. *United States ex rel. Mar. Admin v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi*, 889 F.2d 1248 (2d Cir 1989). This means that a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Bryant*, 2014 WL 712592 at *1; *Alexandre v. Town of Hempstead*, 275 F .R.D. 94, 97 (E.D.N.Y. 2011) (same). Furthermore, mere delay absent a showing of bad faith or

undue prejudice, does not provide a basis for a district court to deny the right to amend. *Alexandre*, 275 F.R.D. at 97.

Where, as here, the Court has issued a scheduling order pursuant to Rule 16, the Court must look at whether the party seeking to amend has shown "good cause" for modifying the scheduling order. *See* Fed.R.Civ.P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000); *Bryant*, 2014 WL 712592,*1. The Second Circuit has explained that good cause "depends on the diligence of the moving party," *Parker,* 204 F.3d at 340, as well as "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the nonmoving party]." *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007). *Bryant*, 2014 WL 712592, at *2. If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the Court must then determine whether the movant also meets the liberal standards of Rule 15. *Kassner*, 496 F.3d at 244 (2d Cir. 2006).

## ARGUMENT

### POINT I
### UNITED/OXFORD HAS SHOWN GOOD CAUSE TO
### SUPPORT IT PROPOSED AMENDED ANSWER

United/Oxford seeks to assert a counterclaim against Pollner pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) for the amount of amount of $17,440, which it overpaid him for services rendered to certain patients. (*See* Ex. 1, 2 and 3 at ¶¶ 39-90). As discussed above, Pollner has not provided any of the discovery requested by United/Oxford or ordered by the Court in order to support his claims in this matter. As such, United/Oxford was forced to investigate each and every claim Pollner submitted on behalf of his patients during the aforementioned time period — whether they were related to this lawsuit or not — to determine if any of his claims in this lawsuit were meritorious. (*See* Exs. 1 and 2). During this investigation, United/Oxford determined that Pollner's claims had absolutely no merit based on the terms of the plans at issue in this case, and informed him of this determination by letter dated August 21, 2013. (Ex. 1). Indeed, in that letter,

United/Oxford also informed Pollner that during its investigation it determined that it had incorrectly overpaid Pollner for several claims that he submitted on behalf of seven (7) of his patients. (*See* Exs. 1). Lastly, United/Oxford requested that Pollner voluntarily dismiss his unfounded claims against it, or it would seek leave of the Court to amend its Answer to assert a counterclaim. (Ex. 1). By letter dated August 28, 2013, Pollner responded to United/Oxford's August 21, 2013 letter by stating that he could not provide a substantive response to United/Oxford's letter without first reviewing the relevant plan documents. (Ex. 2).[7] Pursuant to the Court's Order dated October 18, 2013, United/Oxford produced the relevant plan documents to Pollner on December 18, 2013, which included 10,000 pages of documents. (Ex. 4). After Pollner did not amend his response to Defendant's August 21, 2013 letter and still had not provided any of the discovery United/Oxford requested to support his claims in this matter, it became clear that he would not dismiss his unfounded allegations against United/Oxford in the face of clear evidence contradicting his claims. Therefore, by letter dated January 24, 2013, which was one month before the discovery deadline expired, United/Oxford requested that the Court schedule a pre-motion conference regarding its proposed motion for leave to amend the answer. (Doc. No. 15). In other words, once it became clear that Pollner would not consider the documentary proof demonstrating that his claims lacked merit in this case or produce any evidence to support his claims as ordered by the Court, United/Oxford diligently pursued the relief herein.

Furthermore, United/Oxford's counter claim has merit. Under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) a plan fiduciary may bring a civil action "to obtain ... appropriate equitable relief ... to enforce ... the terms of the plan." 29 U.S.C. §1132(a)(3)(B). As previously mentioned, seven (7) of the claims that Pollner submitted on behalf of his patients between June 2012 and December 2012 were overpaid in the total amount of $17,440. (*See* Ex. 3 at ¶¶ 39-90). Each of these patients were

---

[7] Although the spreadsheet produced by United to Pollner contained all of the accurate information, he, with absolutely no basis to challenge this information, requested full and complete copies of all of the applicable plan documents at issue in this case.

participants in separate employee welfare benefit plans governed under ERISA, which were funded pursuant to different group policies of insurance issued by United/Oxford.[8] Pursuant to the clear and unambiguous terms of four (4) of these participant's respective plans, which were produced to Pollner through discovery, the participants did not have coverage for medical treatment provided by out-of-network medical providers. (*See* Ex. 2). Since Dr. Pollner was an out-of-network provider between June 2012 and December 2012, these patients were not entitled to any reimbursement for the service rendered by Dr. Pollner and, as such, Dr. Pollner was not entitled to the payments he received for the claims he submitted on behalf of these patients. United/Oxford wrongfully paid Dr. Pollner $2,800 for each of these four (4) claims, for a total overpayment amount of $11,200. (*See* Ex. 1, 2, and 3 ¶¶ 39- 71). In addition, United/Oxford also overpaid Dr. Pollner for three (3) claims he submitted on behalf of participants whose plans allowed for out-of-network benefits. (*See* Exs. 1, 2 and and Ex. 3 ¶¶ 72-90). On those claims, United/Oxford paid plaintiff $6,240 above the amounts due under the terms of those participants' specific plans. (*See* Exs. 1, 2 and and Ex. 3 ¶¶ 72-90). Pollner has not remitted the total overpayment amount of $17,440 to United/Oxford. Accordingly, pursuant to Section 502(a)(3) of ERISA (29 U.S.C.§1132(a)(3)), United/Oxford is entitled to equitable restitution to recover the overpayments Pollner received on behalf of his patients in the total amount of $17,440 and thus, should be granted leave to file an Amended Answer to assert its counterclaim.

## POINT II

### UNITED/OXFORD'S AMENDED ANSWER WILL NOT RESULT IN ANY PREJUDICE TO THE PLAINTIFFS

In determining whether to grant a motion to amend a pleading, the court must balance the good cause shown for the delay against any prejudice to the non-moving party as a result of the amendment. *Kassner*, 496 F.3d at 244. The determination of what constitutes prejudice should

---

[8] These policies (i.e. over 10,000 pages of documents) were produced to plaintiff pursuant to Judge Brown's Civil Conference Minute Order dated October 18, 2013, although plaintiff never served any discovery requests seeking any of this. (*See* Doc. No. 13).

include whether the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; and (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993). In this case, Pollner cannot offer any legitimate claim of prejudice that would result if United/Oxford is granted leave to amend its answer to assert a counterclaim.

First, permitting the defendants to assert a counterclaim against Pollner would result in minimal, if any, additional discovery. While the plaintiff has not produced any discovery to support his claims in this matter, United/Oxford has produced over 10,000 pages of documentation, including the relevant plan documents supporting its proposed counterclaim. (Ex. 4). These plan documents demonstrate that the particular plans relevant to the seven (7) claims referenced above either do not provide for out-of-network benefits or provide for out-of-networks benefits in an amount less than that paid to the plaintiff. (*Id.*). Therefore, Pollner has all of the relevant information supporting United/Oxford's counterclaim. Furthermore, although United/Oxford believes that Pollner is in possession of all relevant discovery regarding its proposed counterclaim, he has been on notice of this proposed counterclaim since August 21, 2013. (Ex. 1). However, Pollner has not sought any discovery whatsoever regarding the substance of United/Oxford's proposed counterclaim. In fact, Pollner has not requested <u>any</u> discovery whatsoever in this case; i.e. to support his claims against United/Oxford in this matter or to defend United/Oxford's proposed counterclaim. Therefore, it would be disingenuous for Pollner to now, for the first time, state that he plans to seek discovery in this matter. Nevertheless, in the event this Court finds Pollner's claim to be reasonable, United/Oxford's letter requesting a pre-motion conference for leave to amend its Answer was filed on January 24, 2014, which was submitted a month before the discovery deadline expired. (See Doc. No. 15). Therefore, Pollner had at least one month to conduct discovery regarding United/Oxford's proposed counterclaim, which he failed to do.

In addition, the counterclaim that United/Oxford wishes to assert relates to the underlying claims brought by the Pollner in this case and therefore, additional discovery, if any, would not significantly delay the resolution of this matter as it could be conducted in a relatively short time. As referenced above, Pollner already has all of the relevant plan documents in this case, which provide the basis for United/Oxford 's proposed counterclaim in this case and thus, any further discovery would be limited.

There is no prejudice in this sense and although Pollner's application is made after the deadline imposed for amending the pleadings, the Second Circuit has held that mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *AEP Energy Services Gas Holding Co., v. Bank of America,* 626 F.3d 699 (2d Cir. 2010); *Alexandre v. Town of Hempstead*, 275 F.R.D. 94, 97 (E.D.N.Y. 2011). There has been no bad faith or undue prejudice in this instance.

## POINT III

### UNITED/OXFORD'S REQUEST IS NOT THE RESULT OF UNDUE DELAY, BAD FAITH OR FUTILITY OF THE AMENDMENT

United/Oxford's request for leave to amend its answer to assert a counterclaim against Pollner is not the result of undue delay. Due to the vagueness of Pollner's Complaint, United/Oxford was forced to file its Answer before it could complete a thorough investigation of the allegations in Pollner's Complaint and thus, was unaware of the grounds for its proposed counterclaim at the time it filed its Answer on May 10, 2013. Nevertheless, after United/Oxford had the opportunity to perform a thorough investigation of all of the claims Pollner asserted between May 2012 and December 2012 to determine whether his claim had merit, it determined that it had overpaid Pollner. (*See* Exs. 1 and 2). On October 18, 2013, United/Oxford filed its letter requesting leave to amend its answer to assert a counterclaim on January 24, 2014. Nevertheless, Pollner has

10

been on notice of United's proposed counterclaim since August 21, 2013, but has failed to request and discovery regarding the same. Again, mere delay alone, absent a showing of bad faith or undue prejudice should not result in denial of defendants' Rule 15(a) motion. *Richardson Greenshields Securities, Inc. v. Mui-Hin Lau*, 825 F.2d 647, 653 (2d Cir. 1987).

United/Oxford's request for leave to amend its Answer to assert a Counterclaim equitable restitution under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) is neither futile nor is this request made in bad faith. Given the information gathered by United/Oxford during its investigation of Pollner's claims in this matter, which are included in the spreadsheets produced to Pollner on August 21, 2013 and October 16, 2013, and the plan documents produced to Pollner in response to Judge Brown's directive on December 18, 2013, United/Oxford can assert a valid cause of action for equitable restitution under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) against Pollner in the amount it overpaid Pollner pursuant to the terms of the applicable plan documents. United/Oxford sought leave for this amendment prior to the completion of fact discovery and with a good faith basis.

## CONCLUSION

For the foregoing reasons, United's motion for leave to amend its answer to assert a counterclaim against Pollner for equitable restitution under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) in the amount of its $17,440 overpayment to Pollner should be granted as there is no legitimate prejudice to the Pollner and United/Oxford has provided good cause for the amendment.

Dated:  New York, New York
        April 2, 2014

Respectfully Submitted,

s/_____
Michael H. Bernstein
Matthew P. Mazzola
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Tel. (212) 422-0202
Fax (212) 422-0925
*Attorneys for Aetna Life Insurance Company*

11

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached

**United/Oxford's Memorandum of Law** was served via ECF and regular mail on the 2d day of

April, 2014, upon the following:

Robert A. Santucci
Attorney for Plaintiffs
110 Wall Street – 11th Floor
New York, New York 10005-3817

s/_____
Matthew P. Mazzola (MM-7427)

12