UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK POLLNER, M.D.

                      Plaintiff,                    Civil Action No.:
                                                              2:13-cv-01881(DRH)(GRB)

      -against-

                                                                **AMENDED ANSWER**

UNITED HEALTHCARE INSURANCE COMPANY
d/b/a OXFORD HEALTH PLANS, LLC

                      Defendant.
-------------------------------------------------------------------X

      United Healthcare Insurance Company d/b/a Oxford Health Plans ("United/Oxford"), by its attorneys, Sedgwick LLP, as and for its Answer to Plaintiff's Verified Complaint dated February 1, 2013, respectfully sets forth the following upon information and belief:

## THE PARTIES

      FIRST:     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiff's Verified Complaint.

      SECOND:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the plaintiff's Verified Complaint.

      THIRD:     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of the plaintiff's Verified Complaint.

      FOURTH:   Denies each and every allegation contained in paragraph "4" of plaintiff's Verified Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that at all times material hereto, Defendant, United/Oxford, was and is an insurance company duly licensed to conduct business in the State of New York.

FIFTH: Denies each and every allegation contained in paragraph "5" of plaintiff's Verified Complaint as alleged, except admits that at all times material hereto, Defendant, United/Oxford, was authorized to, and did, issue policies of insurance in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

SIXTH: In response to paragraph "6" of the plaintiff's Verified Complaint, United/Oxford repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "5" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Verified Complaint unless and until Plaintiff identifies the specific "individuals" that he claims were "provided medical insurance coverage by the defendant."

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the plaintiff's Verified Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the plaintiff's Verified Complaint unless and until Plaintiff identifies the specific "claims" and "individuals" on whose behalf he submitted claims to United/Oxford.

TENTH: Denies each and every allegation contained in paragraph "10" of plaintiff's Verified Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the plaintiff's Verified Complaint because Plaintiff has not identified the specific "members" whose claims were allegedly denied by United.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the plaintiff's Verified Complaint because the Plaintiff has not identified the specific "members" whose claims were allegedly denied.

THIRTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the plaintiff's Verified Complaint because Plaintiff has not identified the specific "claims" for which he demanded payment from United/Oxford.

FOURTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the plaintiff's Verified Complaint because the Plaintiff has not identified the specific "claims" that he requested that United/Oxford "review."

## AS AND FOR A SECOND CAUSE OF ACTION

FIFTEENTH: In response to paragraph "15" of the plaintiff's Verified Complaint, United/Oxford repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "14" inclusive, with the same force and effect as if more fully set forth at length herein

SIXTEENTH: Denies each and every allegation contained in paragraph "16" of plaintiff's Verified Complaint as alleged and respectfully refers all questions of law to the Honorable Court

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff did not exhaust or timely pursue all available administrative and/or contractual appeal remedies prior to commencement of this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTEENTH:  Plaintiff's Verified Complaint, and each purported claim asserted therein, fails to state facts sufficient to constitute a cognizable claim for relief against United/Oxford.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINETEENTH: Plaintiff's claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing employee benefit plans under which claims for benefits were submitted, or by the failure of the Plaintiff or each health insurance plan member, on whose behalf Plaintiff brought this lawsuit, to comply with the governing employee benefit plans' terms and conditions.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

TWENTIETH: Plaintiff's claims against United/Oxford must be dismissed to the extent they are barred by the applicable statute of limitations or any limitation of action provisions set forth in the governing employee benefit plans under which claims for benefits were submitted.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

TWENTY-FIRST: Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

TWENTY-SECOND: Plaintiff's claims are barred by the doctrine of unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

TWENTY-THIRD: Plaintiff's claims against United/Oxford must be dismissed to the extent they seek to recover deductibles and co-payments that are the responsibility of the members, participants, and beneficiaries of the governing employee welfare benefit plans.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

TWENTY-FOURTH: If Plaintiff is entitled to any recovery, any such recovery must be reduced and/or offset by any overpayments of benefits made by United/Oxford.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

TWENTY-FIFTH: Plaintiff's claims against United/Oxford must be dismissed to the extent they are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Plaintiff's claims against United/Oxford must be dismissed to the extent he lacks standing to maintain the alleged claims against United/Oxford.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Plaintiff's claims against United/Oxford must be dismissed to the extent they relate to claims submitted to United/Oxford that failed to comply with the form and content required under the governing employee welfare benefit plans.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Plaintiff's claims against United/Oxford must be dismissed to the extent he failed to obtain a valid and enforceable assignment of benefits from any member or participant in a plan providing for payment of a medical benefit in dispute.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: Plaintiff's claims against United/Oxford must be dismissed to the extent the treating participating gastroenterologist did not obtain a signed and completed "Non-Participating Provider Consent Form" for anesthesia services performed by the Plaintiff , as required under United/Oxford's administrative policy applicable to all governing employee welfare benefit plans issued by United/Oxford.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTIETH: Plaintiff's claims are defeated by the terms, conditions, limitations and exclusions of United/Oxford's administrative policy applicable to all governing employee welfare benefit plans

underwritten or administered by United/Oxford regarding services provided by participating gastroenterologists using non-participating anesthesiologists in office settings.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:   To the extent Plaintiff received benefits for covered services, benefits were properly paid pursuant to the unambiguous terms of the governing ERISA Plan and no further benefits are payable for such claims.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND:   United/Oxford acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the governing employee welfare benefit plans.  Accordingly, Plaintiff is barred from recovery for its claims in this action and the purported claims asserted therein.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:   United/Oxford, upon information and belief, as claim fiduciary for the governing employee welfare benefit plans, was granted complete authority to review all denied claims for benefits under the plans and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the plans; and the defendant is deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously.  The defendant's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determinations concerning Plaintiff's claims.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:   All actions about which Plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff is not and was not a properly authorized appeal designee and therefore, pursuant to the explicit and unambiguous terms of the governing employee welfare benefits plans, was not authorized to pursue an administrative appeal on behalf of the participants in those plans referenced in the Verified Complaint.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The Court's review of Plaintiff's action against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by defendant regarding the claims at issue in this case in the regular course of their business.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: To the extent necessary, defendants deny all allegations appearing as topic headings or subheadings in Plaintiff's Complaint.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiff's Verified Complaint is lacking sufficient specificity to allow the Defendant to provide a more detailed Answer to his Verified Complaint and therefore, Defendant reserves the right to amend its Answer to provide additional defenses once we receive more specific information regarding the alleged claims at issue.

### AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM

THIRTY-NINTH: Upon information and belief, Plaintiff wrongfully received $17,440 in benefits from United/Oxford for claims submitted on behalf of his patients from June 2012 through December 2012.

FORTIETH: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient A.M., Member ID No.: 10735545*01, pursuant to the terms of the Madison Whos Who Employee Benefit Plan for treatment received on June 5, 2012.

FORTY-FIRST: A.M. was a participant in the Madison Whos Who Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.("Oxford").

FORTY-SECOND: The Madison Whos Who Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

FORTY-THIRD: Pursuant to the terms of the Madison Whos Who Employee Benefit Plan, participants are not entitled to reimbursement for medical treatment performed by out-of-network medical providers.

FORTY-FOURTH: Plaintiff was not in United/Oxford's network of medical providers on June 5, 2012.

FORTY-FIFTH: Pursuant to the terms of the Madison Whos Who Employee Benefit Plan, A.M. was not entitled to reimbursement for the medical treatment received from Plaintiff on June 5, 2012.

FORTY-SIXTH: United/Oxford wrongfully overpaid Plaintiff's claim for benefits on behalf of A.M. for treatment he performed on June 5, 2012 in the amount of $2,800.

FORTY-SEVENTH: Plaintiff has not remitted the overpayment amount regarding the treatment provided to A.M. on June 5, 2012 to United/Oxford.

FORTY-EIGHTH: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient M.W., Member ID No.: 10862704*01, pursuant to the terms of the Sid Hall Inc. Employee Benefit Plan for treatment received on June 19, 2012.

FORTY-NINTH: M.W. was a participant in the Sid Hall Inc. Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.

FIFTIETH: The Sid Hall Inc. Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

FIFTY-FIRST: Pursuant to the terms of the Sid Hall Inc. Employee Benefit Plan, participants are not entitled to reimbursement for medical treatment performed by out-of-network medical providers.

FIFTY-SECOND: Plaintiff was not in United/Oxford's network of medical providers on June 19, 2012.

FIFTY-THIRD: Pursuant to the terms of the Sid Hall Inc. Employee Benefit Plan, M.W. was not entitled to reimbursement for the medical treatment received from Plaintiff on June 5, 2012.

FIFTY-FOURTH: United/Oxford wrongfully overpaid Plaintiff's claim for benefits on behalf of M.W. for treatment he performed on June 19, 2012 in the amount of $2,800.

FIFTY-FIFTH: Plaintiff has not remitted the overpayment amount regarding the treatment provided to M.W. on June 19, 2012 to United/Oxford.

FIFTY-SIXTH: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient D.C., Member ID No.: 9997731*01, pursuant to the terms of the Rubies Costume Company Employee Benefit Plan for treatment received on June 21, 2012.

FIFTY-SEVENTH: D.C. was a participant in the Rubies Costume Company Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.("Oxford").

FIFTY-EIGHTH: The Rubies Costume Company Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

FIFTY-NINTH: Pursuant to the terms of the Rubies Costume Company Employee Benefit Plan, participants are not entitled to reimbursement for medical treatment provided by out-of-network medical providers.

SIXTIETH: Plaintiff was not in United/Oxford's network of medical providers on June 21, 2012.

SIXTY-FIRST: Pursuant to the terms of the Rubies Costume Company Employee Benefit Plan, D.C. was not entitled to reimbursement for the medical treatment received from Plaintiff on June 21, 2012.

SIXTY-SECOND: United/Oxford wrongfully paid Plaintiff's claim for benefits on behalf of D.C. for treatment he performed on June 21, 2012 in the amount of $2,800.

SIXTY-THIRD: Plaintiff has not remitted the overpayment amount regarding the treatment provided to D.C. on June 21, 2012 to United/Oxford.

SIXTY-FOURTH: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient A.K., Member ID No.: 10644255*02, pursuant to the terms of the Positive Beginnings Inc. Employee Benefit Plan for treatment received on July 24, 2012.

SIXTY-FIFTH: A.K. was a participant in the Positive Beginnings Inc. Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.("Oxford").

SIXTY-SIXTH: The Positive Beginnings Inc. Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

SIXTY-SEVENTH: Pursuant to the terms of the Positive Beginnings Inc. Employee Benefit Plan, participants are not entitled to reimbursement for medical treatment provided by out-of-network medical providers.

SIXTY-EIGHTH: Plaintiff was not in United/Oxford's network of medical providers on July 24, 2012.

SIXTY-NINTH: Pursuant to the terms of the Positive Beginnings Inc. Employee Benefit Plan, A.K. was not entitled to reimbursement for the medical treatment received from Plaintiff on July 24, 2012.

SEVENTIETH: United/Oxford wrongfully paid Plaintiff's claim for benefits on behalf of A.K. for treatment he performed on July 24, 2012 in the amount of $2,800.

SEVENTY-FIRST: Plaintiff has not remitted the overpayment amount regarding the treatment provided to A.K. on July 24, 2012 to United/Oxford.

SEVENTY-SECOND: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient T.D., Member ID No.: 10344912*01, pursuant to the terms of the NY State Nurses Assoc. Employee Benefit Plan for treatment received on October 15, 2012.

SEVENTY-THIRD: T.D. was a participant in the NY State Nurses Assoc. Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.("Oxford").

SEVENTY-FOURTH: The NY State Nurses Assoc. Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

SEVENTY-FIFTH: Pursuant to the terms of the NY State Nurses Assoc. Employee Benefit Plan, T.D. was entitled to be reimbursed in the amount of $720 for the medical treatment provided by the plaintiff on October 15, 2012.

SEVENTY-SIXTH: United/Oxford wrongfully overpaid Plaintiff's claim for benefits on behalf of T.D. for treatment he performed on October 15, 2012 in the amount of $2,080.

SEVENTY-SEVENTH: Plaintiff has not remitted the overpayment amount regarding the treatment provided to T.D. on October 15, 2012 to United/Oxford.

SEVENTY-EIGHTH: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient J.M., Member ID No.: 9863147*01, pursuant to the terms of the Milro Associates Inc. Employee Benefit Plan for treatment received on September 20, 2012.

SEVENTY-NINTH: J.M. was a participant in the Milro Associates Inc. Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.("Oxford").

EIGHTIETH: The Milro Associates Inc. Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

EIGHTY-FIRST: Pursuant to the terms of the Milro Associates Inc. Employee Benefit Plan, J.M.. was entitled to be reimbursed in the amount of $810 for the medical treatment provided by the Plaintiff on September 20, 2012.

EIGHTY-SECOND: United/Oxford wrongfully overpaid Plaintiff's claim for benefits on behalf of J.M.. for treatment he performed on September 20, 2012 in the amount of $1,990.

EIGHTY-THIRD: Plaintiff has not remitted the overpayment amount regarding the treatment provided to J.M. on September 20, 2012 to United/Oxford.

EIGHTY-FOURTH: Plaintiff submitted a claim for benefits to United/Oxford on behalf of his patient S.K., Member ID No.: 10953662*01, pursuant to the terms of the Kalaty Rug Corp. Employee Benefit Plan for treatment received on December 4, 2012.

EIGHTY-FIFTH: S.K.. was a participant in the Kalaty Rug Corp. Employee Benefit Plan, which was funded under a policy of insurance issued by Oxford Health Plans (N.Y.) Inc.("Oxford").

EIGHTY-SIXTH: The Kalaty Rug Corp. Employee Benefit Plan is an employee welfare benefit plan governed under ERISA.

EIGHTY-SEVENTH: Pursuant to the terms of the Kalaty Rug Corp. Employee Benefit Plan, S.K. was entitled to be reimbursed in the amount of $630 for the medical treatment provided by the Plaintiff on December 4, 2012.

EIGHTY-EIGHTH: United/Oxford wrongfully overpaid Plaintiff's claim for benefits on behalf of S.K. for treatment he performed on December 4, 2012 in the amount of $2,170.

EIGHTY-NINTH: Plaintiff has not remitted the overpayment amount regarding the treatment provided to S.K. on December 4, 2012 to United/Oxford.

NINETIETH: Pursuant to Section 502(a)(3) of ERISA (29 U.S.C.§1132(a)(3)), United/Oxford is entitled to equitable restitution from Plaintiff for the overpayment he received on behalf of his patients in the total amount of $17,440.

**WHEREFORE**, defendant, United/Oxford, prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, United/Oxford, and against Plaintiff;
2. that defendant, United/Oxford, be awarded costs of suit incurred herein;
3. that defendant, United/Oxford, be awarded reasonable attorney's fees;
4. that defendant, United/Oxford, be awarded such other and further relief as the Court may deem just and proper; and
5. that defendant, United/Oxford, be awarded the amount of $17,440, representing the amount of overpayment Plaintiff received on behalf of his patients.

Dated: New York, New York
January 24, 2014

                        SEDGWICK LLP

                        By: _____
                            Michael H. Bernstein (MB 0579)
                            Matthew P. Mazzola (MM 7427)
                            *Attorneys for Defendant*
                            UNITED HEALTHCARE INSURANCE COMPANY d/b/a OXFORD HEALTH PLANS, LLC
                            225 Liberty Street – 28th Floor
                            New York, New York 10281-1004
                            (212) 422-0202

TO: Robert A. Santucci
      Attorney for Plaintiffs
      110 Wall Street – 11th Floor
      New York, New York 10005-3817